**Noel Estuardo TUCHEZ–ORDONEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–72767.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 10, 2011.

Tamiko Moore, Esquire, Law Office of Tamiko O. Moore, San Francisco, CA, for Petitioner.

*See* Fed. R.App. P. 34(a)(2).

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

718

Oil, Claire Workman, Trial, John Clifford Cunningham, I, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Noel Estuardo Tuchez–Ordonez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order denying his motion to reopen removal proceedings.

The BIA did not abuse its discretion in denying, as untimely, petitioner's motion to reopen where the motion was filed more than two years after the BIA's final order. *See* 8 C.F.R. § 1003.2(c)(2). The BIA acted within its broad discretion in determining that the evidence was insufficient to establish changed country conditions in Guatemala. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("the critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.")

Tuchez–Ordonez's contention that the BIA failed to properly consider all the evidence submitted with the motion fails because he has not overcome the presumption that the BIA reviewed the record.

*See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).